aginary residence. The court did charge, however, that it was immaterial where the Mendelsohns really lived, if the defendant did in fact believe when he made the statement that they lived at No. 55 Mott street. This instruction was certainly as favorable to the defendant as he could claim.

After a careful consideration of the record, I am of the opinion the defendant had a fair trial, that the evidence sustains the verdict of the jury, and that no errors were committed which call for a reversal of the judgment.

The judgment and order appealed from, therefore, should be affirmed. All concur.

---

### GASPER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  June 28, 1906.)

CARRIERS—REGULATION—STREET RAILROADS—REFUSAL OF TRANSFER—PENALTY.

> Defendant street railway company operated a line of cars which ran only on 125th street, an east and west street. It also operated a line the cars of which went north on Third avenue to 125th street, thence west to A avenue, thence north on A avenue. It also had a line running south on A avenue from 125th street. To prevent unlimited riding for one fare the company had a rule that from the north-bound cars of the Third avenue line only green transfers for a ride north on A avenue should be issued, while from the cars of the 125th street line a white transfer, good in either direction on A avenue should be issued. Plaintiff boarded a Third avenue car while it was on 125th street going west, and, asking for a transfer to go south on A avenue, received a green transfer, which the conductor on the south-bound A avenue car refused to accept. *Held* that, in the absence of proof that the public had been given notice of the rule as to transfers, defendant was liable for the penalty for refusing a transfer.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Erma Gasper against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Frank D. Wynn, for appellant.
N. L. Keach, for respondent.

McCALL, J. This is an action brought to recover a penalty for refusal to transfer a passenger. The conceded or established conditions are that along 125th street in this city the defendant owns, manages, controls, or operates a line of railroad whose termini are on that street, in the vicinity, respectively, of the two rivers that flow on either side of the city. That along and over the tracks of that road they also run cars that, beginning their trip at the City Hall, come northwardly along Third avenue, turn into 125th street, and traverse that street in a westerly direction to Amsterdam avenue, when they again go northwardly along Amsterdam avenue to Ft. George, which is the northern terminus of that route. In making the return trip they follow the same streets,

but going in a southerly and easterly direction the reverse of their northerly trip. At Amsterdam avenue and 125th street the 125th street route is intersected by another line owned, operated, or managed by defendant, whose cars traverse Amsterdam avenue in a northerly and southerly direction. All of these lines are wholly within the limits of the city of New York. At their point of intersection there is no question, that, in pursuance of the requirements of the statute, the defendant has established the transfer system. The litigation, however, is occasioned, not because of an absolute ignoring of the law on the part of the defendant, but rather through an attempt by it to establish, in observance of the statute, a so-called "reasonable regulation," made for the convenience of the public. On the trial of the case it was proven that on December 12, 1905, this plaintiff, accompanied by her sister, was on 125th street in the vicinity of Eighth avenue, and that they boarded a car going westerly along 125th street. Plaintiff paid her fare, and asked the conductor for a transfer to take her south. The conductor handed her a transfer, which is an exhibit in the case. At Amsterdam avenue she alighted from the car, and proceeded to board an Amsterdam avenue car south bound. On said car she tendered to the conductor the transfer which had been given to her at her request while traveling on 125th street, and said conductor refused to accept same. Under compulsion and protest she paid a second fare, and rode to her destination, Ninety-Fifth street and Amsterdam avenue. The attitude of the defendant which it assumed to meet these conditions, and which it claims should operate to avoid the penalty, is that on cars running along 125th street they had established a rule or regulation calling for the issuance of these transfer tickets in different colors, so that a passenger riding west along 125th street could secure by boarding a crosstown car a white transfer ticket, which would entitle him or her to ride on said transfer either north or south. On boarding a car that had come north along Third avenue, and was continuing west along 125th street to ultimately resume its northern trip along Amsterdam avenue, a green ticket would issue, which would permit the passenger on said transfer to go or continue in a northerly direction only. That plaintiff could just as well have taken one of the crosstown cars, which the evidence shows were run with great frequency, and on that car would have received a transfer which would have carried her southerly along Amsterdam avenue for the single fare, but on taking the car she did, which we will call the "Third avenue car," she lost her right to be transferred in a southerly direction, and could only receive a green transfer ticket, good only for continuous northerly travel. That this rule, so established, is a reasonable one, and was adopted as a regulation in giving of transfers for public convenience, and which also by its use protects the company from the imposition of passengers riding all day up and down and across the city for one fare. We recognize the force of this contention, and can readily see from the immensity of traffic in our city and intricate details involved in catering to same that a regulation or rule of some such kind must ultimately be evolved and meet with judicial approbation; but the difficulty with the case at bar which prevents us from passing upon such a condition is that, while we have some evidence of the institution of such a rule by the company, the rec-

ord is wholly destitute of proof of any notice to the public of the inauguration of such provisions; and to make a regulation of such a kind (which, of itself, may well be determined a reasonable and necessary one) of any force whatever, there must be attendant proof of reasonable endeavor and effort by notice to apprise the public of its institution. Of course, we have observed that there was no actual refusal to transfer, but what was done in handing the passenger a worthless piece of paper, as this north-bound transfer was, in so far as the accomplishment of the passenger's intention expressed to the conductor of a desire to go south was concerned, must be taken as tantamount to a refusal, and we believe, therefore, that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.